IN THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF
GEORGIA AUGUSTA DIVISION

| | |
|---|---|
| **JOLYNDA COWHER** | ) |
| **VS.** | ) **CIVIL ACTION NO:** |
| **UNITED STATES OF AMERICA,** | ) **JURY TRIAL DEMANDED** |
| **DR. NANCY JANE BATTEN,** | ) |
| **DR. REBECCA JUMP, DR. BRIAN APPLE,** | ) |
| **DR. LORRAINE BRASWELL, IN THEIR** | ) |
| **OFFICIAL CAPACITY AS EMPLOYEES** | ) |
| **OF THE VETERANS ADMINISTRATION,** | ) |
| **DEPARTMENT OF VETERANS AFFAIRS.** | ) |

## COMPLAINT

Plaintiff Jolynda Cowher through her attorney Portland Campanaro brings this Complaint under the Federal Tort Claims Act, 28 U.S.C. sec 2674. Plaintiff complains of the United States of America and respectfully shows the following:

## I. PARTIES

1.

This is a medical and professional malpractice, negligent retention, and negligent supervision case.

2.

Plaintiff Jolynda Cowher resides at 8673 Crenshaw Drive in Grovetown, Georgia.

3.

Defendant Department of Veteran Affairs (United States of America) is located at Charlie Norwood VA Medical Center, 1 Freedom Way, Augusta, Georgia 30904.

4.

## II. JURISDICTION, SERVICE, AND VENUE

This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. sec 1346(b), 2671-80, commonly known as the Federal Torts Claims Act, which vests exclusive subject-matter jurisdiction of the Federal Torts Claims Act in the Federal District Court.

5.

The United States of America may be served with the process in accordance with Rule 4(I) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on United States Attorney Bobby L. Christine, United States Attorney for the Southern District of Georgia by certified mail, return receipt requested at his office: U.S. Attorney's Office Southern District of Georgia, Attention Civil Process Clerk, 600 James Brown Blvd, Suite 200, Augusta, Georgia 30901.

6.

Venue is proper in this district pursuant to 28 U.S.C. sec. 1391(e)(1)(B) as the United States of America is a Defendant and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

7.

### III. LIABILITY OF THE UNITED STATES

This case is commenced and prosecuted against the United States of America in compliance with Title 28 U.S.C. sec 2671-80, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. sec 2674 because the person, injuries and resulting damages for which the complaint is made were proximately caused by the negligence, wrongful acts, and/or omissions of employees and or agents of the United States of America working at the VA Medical Center in Augusta Georgia while acting within the scope of their office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

8.

The substantive law of the State of Georgia applies to this action.

9.

The VA Medical Center is an agency of the United States of America.

10.

The Defendant, United States of America, through the VA Medical Center, at all material times, owned, operated and controlled the Department of Veterans Affairs in Augusta Georgia and staffed its facilities with its agents, servants and employees.

11.

At all material times, all persons involved with the medical and health care services provided to Jolynda Cowher at the VA Medical Center were agents, and/or employees of the Department of Veterans Affairs, the United States of America or some agency thereof, and were at all material times acting within the course and scope of such employment.

12.

### IV. JURISDICTIONAL PREREQUISITES

Plaintiff pleads pursuant to 28 U.S.C. sec 2672 and 2675(a) that the claims set forth meet all jurisdictional perquisites, including timely administrative presentment. The claims set forth in this complaint were delivered to the VA Medical Center on April 30, 2018 (Attached as Exhibit A). Receipt of the Claim was acknowledged by the VA Medical Center, (Exhibit B). The claim was denied, and the Denial letter is attached, (Exhibit C). Plaintiff has complied with all jurisdictional prerequisites and conditions prior to the commencement and prosecution of this suit.

13.

## V. FACTS

This is a Federal Tort Claim Act for monetary damages sustained by Plaintiff arising out of the personal injuries to Jolynda Cowher as a result of substandard, and negligent psychiatric care. This failure to provide correct psychiatric care is the sole proximate reason that Ms. Cowher attempted suicide, cutting her wrists and suffering significant mental problems and suicidal thoughts.

14.

Plaintiff was, at the relevant time, a 38 year old female.

15.

Plaintiff was a member of the United States Military. She had successfully served her nation. As a direct and proximate result of her service to her nation, she suffered Post Traumatic Stress Disorder, (henceforth PTSD).

16.

To address her PTSD and other mental health issues, the Plaintiff needed significant mental health treatment.

17.

On or about October 24th, 2017 the Plaintiff sought mental health services from the VA Medical Center located at the Charlie Norwood VA Medical Center, 1 Freedom Way, Augusta, Georgia 30904.

18.

On or about October 24th, 2017 the Plaintiff was assigned to Therapist Alvin Peeples to receive mental health treatment.

19.

Therapist Peeples was an addiction therapist and employee of the Charlie Norwood VA Medical Center located in Augusta, Georgia.

20.

Therapist Peeples provided mental health treatment and care to the Plaintiff.

21.

Therapist Peeples used his position as the Plaintiff's Counselor to overcome her will and cause her to become too susceptible to his sexual overtures to the Plaintiff.

22.

The Plaintiff suffering from PTSD and other mental health issues, making her extremely vulnerable to Peeples' sexual advances.

23.

The Plaintiff, relaying on Therapist Peeples' counseling, began to suffer from transference and could not resist therapist Peeples' sexual advances and overtures.

24.

As the Plaintiff suffered from transference, she believed Therapist Peeples when he told her he wanted to take care of her financially, sexually and thought of her as his queen.

25.

As the Plaintiff suffered from transference, her will was overcome, and she gave in to Therapist Peeples' request for sex.

26.

As the Plaintiff suffered from transference, she did have sexual intercourse with Peeples.

27.

After the Plaintiff and Therapist Peeples had sexual intercourse, the Plaintiff immediately realized that his feelings toward her were lies and she had been taken advantage of.

28.

Therapist Peeples, knowing that he accomplished his goal of having intercourse with the Plaintiff, broke off the relationship.

29.

The Plaintiff, suffering from PTSD and now transference, was in desperate need for mental health treatment.

30.

The Plaintiff, after succumbing to Therapist Peeples' sexual advances, felt betrayed, embarrassed, and dirty as Therapist Peeples' wife also worked at the Charlie Norwood Medical Center.

31.

The Plaintiff knew she could not continue to see Therapist Peeples but also did not feel she could continue to seek mental health services at the Charlie Norwood Medical Center.

32.

The Plaintiff, although she did not want to, continued to seek mental health treatment from the Charlie Norwood Medical Center but avoided any sessions with Therapist Peeples.

33.

The Plaintiff saw a new psychologist by the name of Dr. Nancy Jane Batten, (henceforth Dr. Batten).

34.

Dr. Batten was an employee of the Charlie Norwood Medical Center.

35.

The Plaintiff, in desperate need of mental health services, confided in Dr. Batten what had transpired between her and therapist Peeples.

36.

The Plaintiff believed that Dr. Batten would alert the proper authorities and she would be able to continue to receive mental health treatments.

37.

Dr. Batten, although obligated to alert proper authorities pursuant to her employment with the VA about Therapist Peeples' conduct, did not do so.

38.

Once the Plaintiff realized that nothing would be done about Therapist Peeples, she discontinued seeking mental health treatment from the Charlie Norwood Medical Center and was unable to obtain proper mental health treatment elsewhere.

39.

Because the Plaintiff could not avail herself of further mental health treatment, her PTSD and mental health issues spiraled out of control.

40.

Because the Plaintiff could not seek mental health treatment, her conditions worsened and on or about March 12th, 2018, she attempted suicide by cutting her wrists.

41.

After her suicide attempt, the Plaintiff was admitted to Riverwoods Behavioral Health System. She also attempted suicide again on or about August 27, 2018 and was hospitalized for her suicidal ideations.

42.

At Riverwoods, it was determined that the Plaintiff suffered from major depressive disorder and suicidal thoughts.

43.

The Plaintiff was suicidal because her mental treatments had stopped.

44.

The Plaintiff, if she could have continued mental health therapy, would not have attempted suicide and slit her wrists.

45.

## COUNT 1.

## THE DEFENDANT UNITED STATES OF AMERICA IS VICRAIOUSLY LIABLE

## FOR PLAINTIFF'S SUICIDE ATTEMPT FOR FAILURE TO

## PROPERLY SUPERVISE THERAPIST ALVIN PEEPLES

At all times relevant to this action, Therapist Alvin Peeples was an employee of the Charlie Norwood Medical Center.

46.

At all times relevant to this action, the Charlie Norwood Medical Center retained Therapist Alvin Peeples as an employee and agent on its staff and thus has vicarious liability for the acts of its employees.

47.

At all times relevant to this action, Therapist Peeples owed the Plaintiff a duty of care to take care of her mental illness, and instead, took advantage of transference and instituted a sexual relationship with the Plaintiff.

48.

At all times relevant to this action, Dr. Batten and the Charlie Norwood Medical Center knows that therapeutic relationships like the one between Plaintiff and Therapist Peeples creates a power inequality, transference and or dependence which renders patients like Plaintiff vulnerable.

49.

At all times relevant to this action, Therapist Peeples had a duty not to exploit the trust and dependency the Plaintiff had with him.

50.

Therapist Peeples violated the standard of care by using his position as the Plaintiff's mental health provider to overcome her will and have sex with her.

51.

As the Charlie Norwood Medical Center employed Therapist Peeples, it is liable for his actions in causing the Plaintiff to forego mental health treatment which was directly related to her attempting suicide and cutting her wrists, and having to be committed to mental health treatment facilities.

52.

## COUNT 2

### THE DEFENDANT UNITED STATES OF AMERICA IS LIABLE FOR PLAINTIFF'S SUICIDE ATTEMPT FOR FAILURE TO NEGLIGENTLY RETAINING THERAPIST PEEPLES

At all times relevant to this action, Dr. Batten was an employee of the Charlie Norwood Medical Center.

53.

Dr. Batten, Dr. Apple, Dr. Braswell and Dr. Jump were told by the Plaintiff of Therapist Peeples' actions with the Plaintiff.

54.

Dr. Batten, Dr. Apple, Dr. Braswell and Dr. Jump were obligated to notify persons and make sure that Therapist Peeples was removed from the Charlie Norwood Medical Center so the Plaintiff could continue her mental health therapy.

55.

Dr. Batten, Apple, Braswell, and Jump's failure to replace Therapist Peeples caused him to be negligently and wrongfully retained as an employee of Charlie Norwood Medical Center.

56.

Dr. Batten, Apple, Braswell and Jump's failure to replace Therapist Peeples was directly related to the Plaintiff not seeking mental health treatment at the Charlie Norwood Medical Center.

57.

Because of the failure to remove Therapist Peeples, the Plaintiff slit her wrists and attempted suicide and was hospitalized multiple times for suicidal ideations.

58.

As a result of the failure to terminate Therapist Peeples, the Plaintiff attempted suicide and has been severely injured.

59.

At all material times, the employees, agents or representatives of the United States of America were negligent and proximately caused the injuries sustained by the Plaintiff.

## COUNT 2

### THE DEFENDANT UNITED STATES OF AMERICA IS LIABLE

## FOR DAMAGES TO THE PLAINTIFF FOR THE FAILURE TO OF THE STANDARD OF CARE IN THE MENTAL HEALTH TREATMENT OF THE PLANITIFF

At all times relevant to this action, Therapist Peebles, Dr. Batten, Dr. Apple, and Dr. Jump were employees of the Charlie Norwood Medical Center.

60.

Dr. Batten, Dr. Apple, Dr. Braswell and Dr. Jump were told by the Plaintiff of Therapist Peeples' actions of, during the scope of his employment, grooming a sexual and emotional relationship with the Plaintiff, and negligently maintaining medical records of the Plaintiff's treatment.

61.

Therapist Peebles' grooming and inappropriate sexual relationship with the Plaintiff was a violation of the standard of care for Addiction Therapists and caused damage to the Plaintiff.

62.

Dr. Batten, Apple, Dr. Braswell and Jump's knowledge of Therapist Peeples' grooming and sexual relationship with the Plaintiff and lack of action as supervisors and medical professionals was a violation of the standard of care, which also resulted in damage to the Plaintiff.

63.

Therapist Peeples, Dr. Batten, Apple, Dr. Braswell and Jump's violations of the standard of care were directly related to the Plaintiff not seeking mental health treatment at the Charlie Norwood Medical Center.

64.

Because of the multiple violations of the standard of care for psychiatric treatment by the Defendants, the Plaintiff slit her wrists and attempted suicide and was hospitalized multiple times for suicidal ideations.

65.

As a result of the violations of the standard of care by the Defendants, the Plaintiff attempted suicide and has been severely injured.

66.

At all material times, the employees, agents or representatives of the United States of America were negligent and proximately caused the injuries sustained by the Plaintiff.

## DAMAGES

As a proximate result of Defendant's negligent acts and or omissions, the Plaintiff has suffered damages and injuries including but not limited to:

1. Past and future physical pain and suffering

2. Past and future mental anguish and mental pain and suffering

3. Past and future medical, health care and attendant care expenses

4. Loss of earnings and earning capacity

5. Past and future mental impairment

6. Other pecuniary damages.

**WHEREFORE PLAINTIFF**

**REQUESTS**

1. Grant Plaintiff judgment against the Defendant for compensatory damages in amount reasonable and commensurate with the harms done, and;

2. Grant to Plaintiff judgment against the Defendant for damages for mental pain and suffering in amount reasonable and commensurate with harms done, and;

3. Award to Plaintiff reasonable attorney's fees as provided by law, and;

4. Grant such additional relief as this Court deems proper and just.


Respectfully Submitted this 7th day of December, 2020

**FOR THE PLAINTIFF**

/s/ Portland Campanaro
**Portland Campanaro**
Attorney for the Plaintiff
GA. Bar No. 141473

/s/ Harold V. Jones II
**Harold v. Jones II**
Attorney for the Plaintiff
GA. Bar. No. 400610

## IN THE UNITED STATES
## DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF
## GEORGIA AUGUSTA DIVISION

| | |
|---|---|
| JOLYNDA COWHER | ) |
| VS. | ) CIVIL ACTION NO: |
| UNITED STATES OF AMERICA, | ) JURY TRIAL DEMANDED |
| Dr. NANCY JANE BATTEN, | ) |
| DR. REBECCA JUMP, DR. BRIAN APPLE, | ) |
| DEPARTMENT OF VETERANS AFFAIRS | ) |

NOW COMES the Plaintiff, JOLYNDA COWHER, herein, who, after having been sworn according to the law, states that the allegations of the preceding pleading are true and correct in every respect.

/s/ Jolynda Cowher
JOLYNDA COWHER, Plaintiff

Sworn to and subscribed before me
This 7th day of December, 2020.

_Lyndsey Gresham_
NOTARY PUBLIC

[Notary Seal: LYNDSEY GRESHAM, NOTARY PUBLIC, COLUMBIA COUNTY, GEORGIA — My Commission Expires June 25, 2024]

IN THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF
GEORGIA AUGUSTA DIVISION

| | |
|---|---|
| JOLYNDA COWHER | ) |
| VS. | ) CIVIL ACTION NO: |
| UNITED STATES OF AMERICA, | ) JURY TRIAL DEMANDED |
| Dr. NANCY JANE BATTEN, | ) |
| DR. REBECCA JUMP, DR. BRIAN APPLE, | ) |
| DEPARTMENT OF VETERANS AFFAIRS | ) |
| | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon the Defendant by and through his or her counsel of record by placing it in an envelope directed sufficient postage affixed to ensure delivery to the address below:

Bobby L. Christine
U.S. Attorney's Office Southern District of Georgia
ATTN: Civil Process Clerk
600 James Brown Blvd., Suite 200
Augusta, GA 30901

This 7th day of December, 2020.

/s/ Portland Campanaro
**Portland Campanaro**
Attorney for the Plaintiff
GA. Bar No. 141473

/s/ Harold V. Jones II
**Harold V. Jones II**
Attorney for the Plaintiff
GA. Bar. No. 400610