IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JOLYNDA COWHER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 120-178 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

O R D E R

The United States' motion to dismiss is presently pending before the Court. (Doc. 12.) Plaintiff's Complaint asserts claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674 *et seq.* for the United States' alleged negligent retention and failure to supervise a therapist as well as a violation of the standard of medical care at Charlie Norwood VA Medical Center in Augusta, Georgia ("Norwood").

Under the FTCA, the United States is only liable for the negligence of its employees when they act within the scope of their employment. 28 U.S.C. § 1346(b). The scope of employment requirement is a jurisdictional prerequisite. F.D.I.C. v. Meyer, 510 U.S. 471, 476-77 (1994). It is also a necessary element of Plaintiff's tort claims under Georgia law, which applies to their substantive analysis. Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001) ("[T]he language of the FTCA . . . provides

that liability should be determined 'in accordance with the law of the of the place where the act or omission occurred.'" (quoting 28 U.S.C. § 1346(b)(1))).

The United States moves to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. One of its arguments against jurisdiction is that its employee at Norwood was not acting within the scope of his employment when he injured Plaintiff. It argues that it is making a "facial" attack on jurisdiction, which permits the Court to consider only the contents of the Complaint. See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). However, when the jurisdictional inquiry also resolves "a necessary element of the tort claim," the attack is "factual" and a summary judgment standard applies Id. at 1529-30; Trivett v. Transp. Sec. Admin, 3:13-cv-175-TCB, 2014 WL 12480023, at *3 (N.D. Ga. May 1, 2014) (citing Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003)). In other words, jurisdiction is "inextricably intertwined with the merits of the lawsuit, since a decision on one would effectively decide the other." Id. (quotation and citation omitted). The United States challenges jurisdiction under the FTCA on scope of employment grounds, but the scope of employment inquiry is also dispositive of the merits. Therefore, the Court must apply a summary judgment standard in ruling on the United States' motion. Id. at 1530 ("[S]ince we adopt a summary judgment standard in evaluating Rule

12(b)(1) motions that also implicate the merits of a claim, the full panoply of protections afforded the party opposing such a motion will apply here.").

In consideration of these instructions from the Eleventh Circuit as well as the fact that both Parties have submitted summary judgment-type evidence in briefing the motion, the Court hereby **CONVERTS** the United States' motion to dismiss (Doc. 12) into a motion for summary judgment. See Lewis v. Asplundh Tree Expert Co., 305 F. App'x 623, 627 (11th Cir. 2008). The Clerk is **DIRECTED** to issue a notice of summary judgment pursuant to Griffith v. Wainwright, 772 F.3d 822, 825 (11th Cir. 1985) (per curiam) to Plaintiff. The Parties shall have fourteen days from the entry of this Order to file additional evidence and/or argument.

**ORDER ENTERED** at Augusta, Georgia this 5th day of August, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA